Bernard BETTIS, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 3611.

District of Columbia Court of Appeals.

Argued Dec. 14, 1964.

Decided Jan. 26, 1965.

Albert N. Lobl, Washington, D. C., for appellant.

Richard W. Barton, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

On March 21, 1964, appellant, while operating his automobile, struck a pedestrian within a crosswalk. On June 18, 1964, appellant received a notice to attend a hearing the next day in connection with the accident which was to be held in the office of the Corporation Counsel. Appellant appeared but requested a postponement because his attorney was not available. The request was denied and he and other witnesses were interrogated as to their knowledge of the accident by an Assistant Corporation Counsel. On July 9, 1964, an information was filed against appellant charging him with failure to yield the right-of-way to a pedestrian in violation of Section 11(a) (1) of the Traffic and Motor Vehicle Regulations of the District of Columbia.

At trial appellant, through his attorney, moved to dismiss the information on the ground that his defense was prejudiced and the prospect of a fair trial defeated when he was forced to participate in the hearing on June 19, 1964, without the assistance of his counsel. The motion was denied. After trial, appellant was convicted of the traffic violation and this appeal ensued.

Primarily appellant contends that the trial judge erred in denying his motion to dismiss the information because his "uncounseled interrogation" by the Assistant Corporation Counsel deprived him of due process of law under the Constitution. He relies strongly on the recent cases of Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and Jones v. United States, U.S.App.D.C., Nos. 17688–17692, July 16, 1964. Both cases, we feel, are inapposite.

The majority of the court in Escobedo held:

"[W]here * * * the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, *the suspect has been taken into police custody,* the police carry out a process of interrogations that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent, the accused has been denied 'the Assistance of Counsel' in violation of the Sixth Amendment to the Constitution * * *." 378 U.S. 490–491, 84 S.Ct. 1765. [Emphasis supplied.]

This opinion did not hold that such denial either completely insulated the accused from the application of criminal sanctions or provided a basis for dismissal of the information filed or indictment returned against him, but only that "no statement elicited by the police during the interrogation may be used against [the accused] at a criminal trial."

In Jones the court, in addition to holding that the confession obtained in that case when the accused was in custody of the police should not have been admitted by the trial court because it violated the McNabb-Mallory rule and that the same confession should not have been admitted against co-defendants in the same case, ruled that compelling an uncounseled defendant's appearance before a grand jury and failing to notify his attorney that he was to appear violated the defendant's constitutional rights to counsel and against self-incrimination. The case was remanded to permit the District Court to fully inform itself of the evidentiary basis upon which the indictment rested, indicating that if the foundation was supplied by means other than the defendant's personal appearance for testimony before the grand jury, the indictment would be valid.

 The circumstances in the cited cases are quite unlike those in the present one where appellant was not in custody of the police. Unlike the grand jury proceeding in Jones and the preliminary hearing contemplated by Rule 5 of the Federal Rules of Criminal Procedure, the informal interrogation by the Assistant Corporation Counsel of witnesses to a traffic accident cannot be properly characterized as a judicial proceeding. The Corporation Counsel's office is not required to conduct such interrogations by any statute or rule of court. The procedure, as set up by the Corporation Counsel, is for the purpose of reducing the trial load in that office and in the Traffic Branch of the court by affording an opportunity to first determine through informal inquiry and investigation whether any party involved in an accident should be charged with a traffic violation. Frequently no charges result. On the other hand, the Corporation Counsel has authority to dispense with such informal interrogation of witnesses and instead, upon the basis of a complaint by one party to an accident or upon the report of a police officer covering his investigation thereof, bring formal charges against any of the parties involved. Omission of the informal inquiry preliminary to filing an information would not abridge the rights of any party charged with a violation of the traffic laws.

Unlike the situation in Escobedo, no confession or admission, oral or written, of appellant or any other person, elicited at the hearing by the Assistant Corporation Counsel, was proffered or introduced into evidence at the trial of appellant. The record fails to reveal that he was in any wise prejudiced by appearing at the hearing without his attorney or that he did not receive a fair trial. Furthermore, the evidence fully sustains appellant's conviction.

Affirmed.